UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

S<small>COTT</small> L<small>IPIEC</small>,

    Plaintiff,

v.

U<small>NITED</small> S<small>TATES OF</small> A<small>MERICA</small>, *et al.*

    Defendants.
_____/

Case No. 15-cv-10402

U<small>NITED</small> S<small>TATES</small> D<small>ISTRICT</small> C<small>OURT</small> J<small>UDGE</small>
G<small>ERSHWIN</small> A. D<small>RAIN</small>

U<small>NITED</small> S<small>TATES</small> M<small>AGISTRATE</small> J<small>UDGE</small>
M<small>ICHAEL</small> J. H<small>LUCHANIUK</small>

**O<small>PINION AND</small> O<small>RDER</small> G<small>RANTING</small> D<small>EFENDANTS'</small>
M<small>OTION TO</small> D<small>ISMISS</small> [8] W<small>ITH</small> P<small>REJUDICE</small>**

**I. I<small>NTRODUCTION</small>**

On June 15, 2015, Scott Lipiec ("Plaintiff") filed the instant *pro se* Complaint [1] against the United States of America ("the Government"), the United States Attorney General, the United States Attorney for the Eastern District of Michigan, and the Director of the Internal Revenue Service ("IRS"). In the Complaint, Mr. Lipiec seeks "relief from the Patient Protection and Affordable Care Act (PPACA) H.R. 3950" because he contends that the law "is not supported or allowed by the U.S. Constitution and should be voided." Dkt. No. 1 at 3.

Presently before the Court is the Government's Motion to Dismiss. *See* Dkt. No. 8. The matter is fully briefed. After reviewing the briefing, the Court concludes that oral argument will not aid in the resolution of this matter. Accordingly, the Court will resolve the Motion on the briefs as submitted. *See* E.D. Mich. L.R. 7.1(f)(2). For the reasons discussed herein, the Court will **GRANT** the Government's Motion to Dismiss [8] **WITH PREJUDICE** for lack of subject matter jurisdiction and for failure to state a claim upon which relief can be granted. The Court's Opinion and Order is set forth in detail below.

## II. BACKGROUND

Mr. Lipiec commenced this action challenging the constitutionality of the "Individual Mandate"[1] of the Patient Protection and Affordable Care Act ("PPACA" or "ACA"), Pub. L. No. 111-148, 124 Stat. 119 (2010), codified at 26 U.S.C. § 5000A. Mr. Lipiec argues that "the Individual Mandate and the method of collection of the Individual Mandate is [sic] in conflict with the equal protection clause of The Constitution of the United States of America." Dkt. No. 1 at 2. In the Complaint, Mr. Lipiec states that he was subject to the "Individual Mandate" for calendar year 2014 because he is a United States citizen who had income in excess of the exemption amount, did not have statutorily approved minimum essential coverage, and is not subject to a religious exemption. *See* Dkt. No. 1 at ¶¶ 1-3. He alleges that he "had taxes withheld from his income from which the Individual Mandate will be paid from[,]" and that he filed a claim for a tax refund for these withheld taxes in May 2014. *See id.* at ¶¶ 4-5.

The Government attached Mr. Lipiec's May 2014 claim for a refund from the SRP to the Motion to Dismiss. *See* Dkt. No. Dkt. No. 8-2. This exhibit is a "Form 843" submitted by Mr. Lipiec to the IRS in order to claim a refund of $350.00 for the period from January to May 2014. *Id.* Mr. Lipiec subsequently provided the Court with a copy of a "Form 1040X" filed with the IRS on April 14, 2015. *See* Dkt. No. 10 at 7 ("Exhibit Plaintiff-01"). Mr. Lipiec states that the Form 1040X was sent to the IRS as "a correction form for Form 1040" and shows the exact amount he paid for the SRP was $206.18. *See id.* at 2, 7. Mr. Lipiec also attaches a redacted copy of an earnings statement that he says shows that, as of May 16, 2014, $4,976.15 of Federal Income Tax had been deducted from his earnings. *See id.* at 8 ("Exhibit Plaintiff-02"). Finally,

---

[1] The Court clarifies that the "Individual Mandate" is actually the Shared Responsibility Payment ("SRP") imposed by Section 5000A of the Internal Revenue Code on individuals who are not exempt from maintaining "minimum essential" health coverage. *See* 26 U.S.C. §§ 5000A(b), (d), (f).

Mr. Lipiec attaches a second redacted earnings statement, which he asserts demonstrates that, as of August 31, 2014, he had "ACA compliant insurance" for three months in 2014. *See id.* at 4, 8.

Mr. Lipiec focuses his Complaint on "section 1501 & 10106 [of the ACA], Internal Revenue Code 5000A(c) and Reconciliation Section 1002." Dkt. No. 1 at 2. According to Mr. Lipiec, "[t]he Individual Mandate would not have applied, or applied with such force, to [him] if he were a different religion, had different income for 2014, or been a non US citizen." *Id.* He alleges that he should not have to pay the SRP because it "is not equal due to the penalty rate varies from person to person depending on yearly income even though the infraction can be the same." Dkt. No. 8-2; *see also* Dkt. No. 1 at ¶ 7. Mr. Lipiec claims that this Court has jurisdiction over this matter pursuant to the Declaratory Judgment Act, 28 U.S.C. § 2201.[2]

### III. LEGAL STANDARD

The Government brings its Motion to Dismiss pursuant to Rules 12(b)(1) and 12(b)(6) of the Federal Rules of Civil Procedure. *See* FED. R. CIV. P. 12(b)(1), (6). Dismissal is appropriate under Rule 12(b)(1) where the court lacks subject matter jurisdiction over a plaintiff's claim. FED. R. CIV. P. 12(b)(1). In reviewing a Rule 12(b)(1) motion, the court must accept all material allegations as true and construe them in a light most favorable to the non-moving party. *Id.* Courts should review 12(b)(1) challenges before others. *See Gould, Inc. v. Pechiney Ugine Kuhlmann,* 853 F.2d 445, 450 (6th Cir. 1988). A district court may *sua sponte* dismiss a complaint for lack of subject matter jurisdiction pursuant to Rule 12(b)(1) where the allegations of the complaint are "totally implausible, attenuated, unsubstantial, frivolous, devoid of merit, or no longer open to discussion." *Apple v. Glenn,* 183 F.3d 477, 479 (6th Cir. 1999).

---

[2] Mr. Lipiec previously raised an unsuccessful challenge to the constitutionality of the SRP under the Declaratory Judgment Act. *See Lipiec v. Attorney Gen.*, No. 13-11123, 2014 WL 1225005 (E.D. Mich. Mar. 24, 2014) (hereinafter "*Lipiec I*"). *Lipiec I* dismissed the case with prejudice, but the judgment stated that the dismissal was without prejudice. Mr. Lipiec is now attempting to show he has been burdened by the implementation of the ACA.

Dismissal is appropriate pursuant to Rule 12(b)(6) where a plaintiff fails to state a claim upon which relief can be granted. FED. R. CIV. P. 12(b)(6). Under Rule 12(b)(6), dismissal is appropriate where a plaintiff cannot establish any set of facts that would entitle him to the relief sought. *See Conley v. Gibson,* 355 U.S. 41, 45, 78 S.Ct. 99, 2 L.Ed.2d 80 (1957). In ruling on a Rule 12(b)(6) motion, a court must construe the complaint liberally in plaintiff's favor and accept as true all factual allegations and permissible inferences therein. *Westlake v. Lucas,* 537 F.2d 857, 858 (6th Cir.1976). When reviewing *pro se* complaints, the court must employ standards less stringent than if the complaint had been drafted by counsel. *See Haines v. Kerner,* 404 U.S. 519, 92 S.Ct. 594, 30 L.Ed.2d 652 (1972).

Generally, an order of dismissal under Rule 12(b)(1) is not a ruling on the merits and is entered without prejudice, whereas an order of dismissal under Rule 12(b)(6) is construed to be a ruling on the merits and is entered with prejudice. *See Rogers v. Stratton Indus., Inc.,* 798 F.2d 913, 917 (6th Cir. 1986). Thus, the choice of one rule over the other carries implications for a plaintiff's ability to subsequently refile their claim. However, the Sixth Circuit has noted that "[w]here the issue is whether the claim is covered by the statute [that formed the basis for invoking federal question jurisdiction] . . ., it makes little difference whether Rule 12(b)(1) or Rule 12(b)(6) is the vehicle used to raise the issue as long as the non-moving party is not taken by surprise and has an adequate opportunity to respond." *Id.* Where, as here, "a statutory right is being pursued . . ., and the defense raised is that the plaintiff or defendant does not come within the purview of the statute, the judicial acceptance of this defense, however it is accomplished, is the death knell of the litigation and has the same effect as a dismissal on the merits. *Id.*

Here, because the Government contends that this Court lacks subject matter jurisdiction, the Court will initially consider the request for relief under Rule 12(b)(1). *See Moir v. Greater*

*Cleveland Reg'l Transit Auth.,* 895 F.2d 266, 269 (6th Cir. 1990) (quoting *Bell v. Hood,* 327 U.S. 678, 682, 66 S.Ct. 773, 776, 90 L.Ed. 939 (1946) for the proposition that when a defendant moves for a motion to dismiss under both Rule 12(b)(1) and (b)(6), the court should consider the 12(b)(1) motion first because "the 12(b)(6) challenge becomes moot if this court lacks subject matter jurisdiction."). However, because Mr. Lipiec also makes additional arguments in the Complaint regarding the constitutionality of the Affordable Care Act, and because the Government does not argue that Mr. Lipiec lacks standing under the Declaratory Judgment Act, the Court will also consider the request for relief under Rule 12(b)(6).

## IV. DISCUSSION

In attempting to determine the merits of Mr. Lipiec's claims, the Court is fully aware of Mr. Lipiec's status as a *pro se* litigant in this lawsuit and the Court's obligation to construe these pleadings liberally and hold them to "less stringent standards than formal pleadings drafted by lawyers[.]" *Haines,* 404 U.S. at 520, 92 S.Ct. 594, 30 L.Ed.2d 652; *see also Jourdan v. Jabe,* 951 F.2d 108, 110 (6th Cir. 1991) ("[T]he allegations of a complaint drafted by a *pro se* litigant are held to less stringent standards than formal pleadings drafted by lawyers in the sense that a *pro se* complaint will be liberally construed in determining whether it fails to state a claim upon which relief could be granted."). However, after thorough review, the Court finds that "it appears 'beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief.'" *Haines*, 404 U.S. at 520-21, 92 S. Ct. 594, 30 L. Ed. 2d 652 (quoting *Conley v. Gibson*, 355 U.S. at 45-46, 78 S.Ct. 99, 2 L.Ed.2d 80). Mr. Lipiec does not demonstrate that he paid the SRP in full for the calendar year 2014 before filing his claim for a refund, and his underlying claims for relief have been previously discredited or lack merit. As such, the Court will **DISMISS** Mr. Lipiec's Complaint **WITH PREJUDICE**.

A. **Rule 12(b)(1)—This Court Lacks Subject Matter Jurisdiction**

The Government first contends that, to the extent that Mr. Lipiec is seeking a refund of funds withheld as a result of the ACA's SRP, this case must be dismissed for lack of subject-matter jurisdiction because, at the time of suit, Mr. Lipiec did not file a proper claim for refund. *See* Dkt. No. 8 at 1. This Court agrees.

The SRP is imposed on a monthly basis, for each month as to which a taxpayer lacks "minimum essential coverage," 26 U.S.C. § 5000A(b), and is calculated as a percentage of household income, subject to a "floor" amount, 26 U.S.C. § 5000A(c)(2) and a "ceiling" amount, 26 U.S.C. § 5000A(c)(1). The statutory scheme set up by Section 5000A treats the SRP as an annual exaction, to be calculated and included with a taxpayer's annual income tax return. *See* 26 U.S.C. § 5000A(c)(a) ("[t]he amount of the penalty imposed by this section on any taxpayer for any taxable year"); *see also* 26 U.S.C. § 5000A(b)(2) (describing the SRP as required to "be included with a taxpayer's return . . . for the taxable year"). The annual tax exacted by the SRP is calculated as the sum of each monthly penalty amount, for each month as to which the taxpayer did not maintain "minimum essential coverage." 26 U.S.C. § 5000A(c)(1).

Mr. Lipiec points out several correct assertions about the SRP, the ACA, and the process for bringing suit for a tax refund. As Mr. Lipiec points out, there are exemptions to the SRP under the ACA. *See*, *e.g.*, 26 U.S.C. § 5000A(d)(2) (defining the religious exemption); 26 U.S.C. § 5000A(d)(3) (limiting the law to United States citizens, nationals, or lawful aliens); 26 U.S.C. § 5000A(e) (describing income requirements); 26 U.S.C. § 5000A(f) (describing types of approved coverage). Moreover, Mr. Lipiec also correctly points out that there is a statutory waiver of sovereign immunity to bring a suit for a tax refund located at Section 7422 of the Internal Revenue Code, which provides that "[n]o suit or proceeding shall be maintained in any

court for the recovery of any internal revenue tax . . . until a claim for refund or credit has been duly filed" with the IRS. *See* 26 U.S.C. § 7422; *see also* Dkt. No. 1 at ¶ 5. Mr. Lipiec is also aware that a taxpayer may not begin a proceeding "before the expiration of six months from the date of filing the claim . . . nor after the expiration of two years . . . of a notice of the disallowance of the part of the claim to which the suit or proceeding relates." 26 U.S.C. § 6532(a); *see also* Dkt. No. 1 at ¶ 5.

Here, Mr. Lipiec asserts that he paid $206.18 before filing his tax form for a refund in May of 2014, and contends that he "did wait the required time for filing a suit relative to filing Form 843." Dkt. No. 10 at 2. However, the Government argues this was not possible because "[t]he calendar year 2014 was the first year that taxpayers were required to maintain such "minimum essential coverage." Dkt. No. 8 at 14 (citing 26 U.S.C. § 5000A(a), which imposes the minimum essential coverage requirement "for each month beginning after 2013"). According to the Government, absent extensions, the first returns on which the SRP could have been reported and paid on tax returns for the year of 2014 were due by April 15, 2015, and could not have been filed until after December 31, 2014. *See id.* The Court agrees with the Government.

As the Government points out, this Court only has jurisdiction over civil actions for the "recovery of any internal-revenue tax alleged to have been erroneously or illegally assessed or collected, or any penalty claimed to have been collected without authority or any sum alleged to have been excessive or in any manner wrongfully collected. . . ." 28 U.S.C. § 1346(a)(1). Generally, a taxpayer must pay an assessed tax or proposed deficiency in its *entirety* in order to support jurisdiction of a refund suit. *See Flora v. United States*, 362 U.S. 145, 177, 80 S. Ct. 630, 4 L. Ed. 2d 623 (1960). There are only a few exceptions to this requirement. *See*, e.g., *Steele v. United States,* 280 F.2d 89, 91 (8th Cir. 1960) (putting forth the well-established exception to the

full-payment rule exists with respect to "divisible taxes" and finding that Section 6672 taxes—employment taxes—are divisible); *Fidelity Bank, N.A. v. United States,* 616 F.2d 1181, 1182 n.1 (10th Cir. 1980) (employment taxes divisible); *Rocovich v. United States*, 933 F.2d 991, 995 (Fed. Cir. 1991) (estate taxes divisible). The Court has found nothing to suggest that the SRP is one of the few exceptions that should be divisible.

To the contrary, the Government aptly points out that the exaction for the SRP is analogous to the Section 6698 penalty for failure to timely file a partnership return. *See* Dkt. No. 8 at 13 (citing 26 U.S.C. § 6698). Despite the fact that Section 6698 is calculated on a per-month basis, it has been found not to be divisible and "the entire penalty must be paid before a suit for refund may be filed." *Christian Laymen in P'ship, Ltd. v. United States*, No. CIV-89-1355-T, 1989 WL 168769, at *2 (W.D. Okla. Dec. 29, 1989); *see also id.* ("Because plaintiff has not paid the full amount of the penalty for 1980, the Court does not have subject matter jurisdiction.").

Mr. Lipiec does nothing to rebut the argument put forth by the Government—and supported by the law—that the SRP must be paid in full before commencing a proper action for a refund. Mr. Lipiec acknowledges the cases of *Flora*, *Steele*, and *Christian Laymen*—and, presumably, the argument that he needed to pay the SRP in its entirety—but disregards these cases because he says "the noted cases do not take up the issue of commingled funds." Dkt. No. 10 at 2. Mr. Lipiec provides his exhibits showing that he paid $206.18 for the SRP "and paid a total of $13,826.14 (Federal Income Tax + SRP) since January 2014 to April 14, 2015." *Id.* Moreover, he contends he "did technically pay total amount of $206.18 before filing Form 843 in May 2014." *Id.* Accordingly, he asserts he 'did wait the required time for filing a suit[.]'" *Id.* But even if the Court ignores the fact that Mr. Lipiec gives no explanation for how the $206.18 figure was calculated and why this amount is notably less than the $350.00 he originally claimed from

the IRS and stated in his Complaint; the $206.18 "technically" paid by Mr. Lipiec through May of 2014 did not encompass the *entirety* of the SRP for the tax calendar year 2014. As a consequence, Mr. Lipiec's argument fails.

As the Government points out, Mr. Lipiec attempts to "short-circuit" the requirement to pay in full before bringing suit by filing what he termed the SRP from the period of January through May 2014. Dkt. No. 8 at 14. Indeed, in the Complaint, Mr. Lipiec notes that he has had taxes "withheld from his income from which the individual Mandate *will be* paid." Dkt. No. 1-2 at ¶ 4 (emphasis added). In his production of additional exhibits, Mr. Lipiec implies that he is seeking to recover an amount he can only predict because he notes the amount is "commingled" with his federal income taxes. Dkt. No. 10 at 2. Put simply, because the tax calendar year for 2014 had not ended at the time Mr. Lipiec filed his claim for a refund, and because nowhere has he provided evidence that he has actually paid *in full* the SRP for the calendar year 2014, his Complaint, to the extent it is seeking a tax refund, must be dismissed for want of subject-matter jurisdiction. *See Christian Laymen*, 1989 WL 168769, at *2.

**B. Rule 12(b)(6)—Mr. Lipiec Fails to State a Claim Upon Which Relief can be Granted**

More generally, Mr. Lipiec seeks relief from the ACA because he contends that the ACA "is not supported or allowed by the U.S. Constitution and should be voided." Dkt. No. 1 at 3. As mentioned above, however, Mr. Lipiec previously filed an unsuccessful suit challenging the constitutionality of the "Individual Mandate." *See Lipiec v. Attorney Gen.*, No. 13-11123, 2014 WL 1225005 (E.D. Mich. Mar. 24, 2014) (hereinafter "*Lipiec I*").

In his previous suit, Mr. Lipiec also invoked the Declaratory Judgment Act, but the case was dismissed in March of 2014, for lack of standing and for failure to state a claim upon which relief can be granted. *Id.* In dismissing *Lipiec I*, the Honorable Terrence G. Berg of this district

held that Mr. Lipiec failed to state a claim upon which relief could be granted, finding that the constitutional arguments raised—based on alleged violations of the Uniformity Clause (U.S. Const. art. I, § 8, cl. 1); the Takings and Due Process Clauses of the Fifth Amendment (U.S. Const. amend. V); the Ex Post Facto Clause (U.S. Const. art. I, § 9, cl. 3; art. I, § 10, cl. 1); and the Ninth Amendment (U.S. Const. amend. IX)—were all foreclosed by the Supreme Court's decision in *National Federation of Independent Businesses v. Sebelius*, 132 S. Ct. 2566, 2600, 183. L. Ed. 2d 450 (2012). *See id.* at *3-4 (quoting *Sebelius*, 132. S. Ct. at 2600, 183 L. Ed. 2d 450, which stated "the Constitution permits such a tax[.]"). The reasoning of *Lipiec I* applies with equal force to the instant case. Accordingly, the Court will not address arguments adequately addressed by Judge Berg—namely, Mr. Lipiec's contentions that the ACA is unconstitutional pursuant to the Fifth Amendment, Dkt. No. 10 at 3.

Nevertheless, Mr. Lipiec does appear to raise two new arguments that the Court will address. First, Mr. Lipiec attempts to draw a parallel between his case and the Supreme Court's decision in *United States v. Windsor*, 133 S. Ct. 2675, 186 L. Ed. 2d 808 (2013). *See* Dkt. No. 1 at 3. According to Mr. Lipiec, because it is not constitutional to charge a different tax rate because of "someone's gender, it would follow that it is not constitutional to charge a different amount due to religion, citizenship, or income[.]" *Id.* Thus, Mr. Lipiec contends that the ACA is not allowed by the U.S. Constitution. The Court disagrees.

The Court in *Windsor* determined that the purpose of the Defense of Marriage Act was to disadvantage all who enter into same-sex marriages. *Windsor*, 133 S. Ct. at 2693. The Government points out that the religious exemptions provided by the ACA were not made with the purpose of disadvantaging members of various religious groups, but instead to accommodate

their needs. As such, the Government contends the ACA is not unconstitutional on such grounds. The Court agrees.

The ACA contains two religious exemptions to the individual mandate: a religious conscience exemption and a health-care sharing ministry exemption. 26 U.S.C. § 5000A(d)(2). As the Government points out, Courts have repeatedly upheld statutes with similar religious-accommodations. *See* Dkt. No. 8 at 21-22 (citing, *e.g.*, *United States v. Lee,* 455 U.S. 252 (1982); *Droz v. Comm'r,* 48 F.3d 1120, 1124-25 (9th Cir. 1995); *Jaggard v. Comm'r,* 582 F.2d 1189, 1189-90 (8th Cir. 1978) (per curiam)). In fact, the Fourth Circuit has specifically held that the religious exemptions to the SRP do not violate the Fifth Amendment or the Establishment Clause. *See Liberty Univ. v. Lew,* 733 F.3d 72, 101-02 (4th Cir. 2013). This Court will follow this line of precedent.

Lastly, Mr. Lipiec claims that the SRP is a Bill of Attainder, forbidden by the Constitution. Dkt. No. 10 at 5. Mr. Lipiec likens entering a government specified health insurance contract to taking an oath. *See id.* However, Mr. Lipiec's Bill of Attainder argument seems to merge back into his argument likening the case to *Windsor* as he contends that he belongs to a specific group targeted by the penalty because the ACA breaks the country into two groups: those who pay for insurance, and those who refuse or fail to pay for insurance. *Id.* at 6 (citing broadly *Windsor*, 133 S. Ct. 2675, 186 L. Ed. 2d 808); *see also id.* at 5 (arguing that the act of purchasing ACA compliant insurance could be considered for his Equal Protection argument and his Bill of Attainder argument). Overall, Mr. Lipiec states that he "is asking for the same [as *Windsor*] in this case: one class of citizen." *Id.*

After reviewing Mr. Lipiec's argument, the Court finds that his "characterization of the meaning of a bill of attainder obviously proves far too much." *Nixon v. Adm'r of Gen. Servs.*, 433

U.S. 425, 470, 97 S. Ct. 2777, 2804, 53 L. Ed. 2d 867 (1977). As the Supreme Court has previously held:

> By arguing that an individual or defined group is attainted whenever he or it is compelled to bear burdens which the individual or group dislikes, appellant removes the anchor that ties the bill of attainder guarantee to realistic conceptions of classification and punishment. His view would cripple the very process of legislating, for any individual or group that is made the subject of adverse legislation can complain that the lawmakers could and should have defined the relevant affected class at a greater level of generality.

*Id.* The Supreme Court emphasized that "[h]owever expansive the prohibition against bills of attainder, it surely was not intended to serve as a variant of the equal protection doctrine, invalidating every Act of Congress or the States that legislatively burdens some persons or groups but not all other plausible individuals." *Nixon v. Adm'r of Gen. Servs.*, 433 U.S. at 471, 97 S. Ct. 2777, 53 L. Ed. 2d 867 (internal citations omitted); *see also id.* at 470, 97 S. Ct. 2777, 53 L. Ed. 2d 867 (citing *United States v. Lovett*, 328 U.S. 303, 324, 66 S. Ct. 1073, 90 L. Ed. 1252 (1946) (Frankfurther, J., concurring) to note that "every person or group made subject to legislation which he or it finds burdensome may subjectively feel, and can complain, that he or it is being subjected to unwarranted punishment.").

Mr. Lipiec argues that "the dissent of an individual should [] be considered." Dkt. 10 at 6. The Court agrees that dissent amongst all citizens should be considered, which is why our Constitution guarantees the fundamental right of free speech and the fundamental right to vote. However, "while the Bill of Attainder Clause serves as an important 'bulwark against tyranny.'[*United States v. Brown*, 381 U.S. 437, 443, 85 S. Ct. 1707, 14 L. Ed. 2d 484 (1965)], it does not do so by limiting Congress to the choice of legislating for the universe, or legislating only benefits, or not legislating at all." *Nixon v. Adm'r of Gen. Servs.*, 433 U.S. at 471, 97 S. Ct. 2777, 53 L. Ed. 2d 867. Accordingly, Mr. Lipiec's Bill of Attainder argument fails.

-13-

## IV. CONCLUSION

In conclusion, the Court finds that Mr. Lipiec's Complaint demonstrates that he did not pay the SRP in full for the calendar year 2014 before filing his claim for a refund. Accordingly, this Court lacks subject matter jurisdiction. Moreover, the Court finds that bringing a subsequent refund would be futile because Mr. Lipiec fails to state a claim upon which relief can be granted with respect to his broader claims under the Declaratory Judgment Act. Accordingly, for the reasons discussed in detail above, the Court **GRANTS** the Government's Motion to Dismiss [8]. **IT IS HEREBY ORDERED** that the Complaint [1] is **DISMISSED WITH PREJUDICE**.

IT IS SO ORDERED.

Dated: August 17, 15

Gershwin A Drain
HON. GERSHWIN A. DRAIN
United States District Court Judge
